This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37767**

**STATE OF NEW MEXICO,**

Appellee-Appellee

v.

**KOREY CANUTO**

Appellant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's on-record review and affirmance of her conviction pursuant to a conditional plea for driving while under the influence of intoxicating liquor or drugs (DWI) and expired registration, following a hearing on Defendant's motion to suppress. [DS 1; RP 48, 50-51] In our notice of proposed disposition, we proposed to agree with the district court in its factual presentation, analysis, and conclusion, and proposed to adopt the district court's memorandum opinion for purposes of this appeal. [CN 2-3] Defendant filed a memorandum in

opposition (MIO) to this Court's notice of proposed disposition. We have given due consideration to the memorandum in opposition, and remaining unpersuaded, we affirm Defendant's conviction.

**{2}**     In her memorandum in opposition, Defendant continues to argue the general proposition that the police officer lacked reasonable suspicion to stop Defendant. [MIO 1] The district court considered this argument in depth, and we proposed to adopt all of the district court's factual recitations and legal analysis in our calendar notice. [CN 2-3] As we noted in our calendar notice, the district court's examination was "thorough and well-reasoned." [CN 3] The district court concluded that the State showed that there were specific, articulable facts showing that the police officer had reasonable suspicion to stop Defendant's car because he believed Defendant was fleeing a scene of domestic violence or disturbance. [CN 2]

**{3}**     While Defendant heretofore has focused on an argument that reasonable suspicion was lacking because the stop was allegedly pretextual, now, in her memorandum in opposition, Defendant frames the reasonable suspicion argument slightly differently. With respect to the specific pretext argument, we now deem it waived as Defendant no longer maintains it. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). Defendant now claims that investigatory stops for completed misdemeanors may not be permissible, citing *U.S. v. Hensley*, 469 U.S. 221, 229 (1985). [MIO 1-2] Defendant's argument cites no facts that suggest that the officer's specific, articulable facts in this case arose from misdemeanor domestic violence allegations rather than felony domestic violence allegations. *See State v. Hanson*, 2015-NMCA-057, ¶ 15, 348 P.3d 1070 ("[T]he mere assertions and arguments of counsel are not evidence[.]" (internal quotation marks and citation omitted)). Nor does Defendant elaborate on how federal law might demonstrate error in this case. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Defendant makes an unsupported suggestion that perhaps the domestic violence call may have been about mere bickering, calling domestic violence a "hot political issue[.]" [MIO 3] *See Hanson*, 2015-NMCA-057, ¶ 15. Defendant does not contend that any argument on these grounds was preserved in the metropolitan court or raised in the district court. [MIO 1] *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)).

**{4}**     Based on the foregoing, we hold that Defendant's assertion—that a domestic violence investigation cannot support reasonable suspicion—does not demonstrate error in the district court's analysis affirming the decision of the metropolitan court. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error). Furthermore, our notice proposed to adopt the entire

analysis of the district court, including all the grounds set forth therein for affirmance. [CN 2-3] Defendant has not asserted any fact, law, or argument that persuades us the district court's analysis and our adoption thereof was erroneous. [*See id.*] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we adopt the district court's memorandum opinion and affirm Defendant's conviction.

**{6}   IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**LINDA M. VANZI, Judge**